ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDDIE RAY JORDAN, #1251118 ) <br> (Previous TDCJ Nos. 565315, 646377), ) <br> SID #04101924, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NBC, et al., ) <br>     Defendants. ) | 3:05-CV-0372-G |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is currently confined at the Lindsey State Jail of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Jacksboro, Texas. Defendants are NBC, Fear Factor, and the Dallas Morning News. The court has not issued process in this case.

Statement of Case: The complaint alleges that on January 19, 2005, the Dallas Morning News used improper sexual content in advertising an episode of NBC's Fear Factor in the comic section of the TV guide of its newspaper. Plaintiff requests that this show be taken off the air

that he be awarded monetary relief for the negligence of NBC and the Dallas Morning News.

<u>Findings and Conclusions</u>: Contemporaneously with the filing of the complaint, Plaintiff submitted a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions that prisoners file in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.

A review of the U.S. Party and Case Index reflects this court recently dismissed three of Plaintiff's prior complaints as barred by three strikes. <u>See</u> <u>Jordan v. Smith</u>, 5:05cv012-C, 2005 WL 415148 (N.D. Tex., Lubbock Div. Feb. 18, 2005) (Cummings J.); <u>Jordan v. Smith</u>, 5:05cv014-C (N.D. Tex., Lubbock Div. Jan 20, 2005) (Cummings J.); <u>Jordan v. Fox Network</u>, 3:05cv371-K , 2005 WL 544227 (N.D. Tex., Dallas Div. March 4, 2005) (the findings, conclusions and recommendation of the magistrate judge were adopted on March 22, 2005; however the text is unavailable on Westlaw). <u>See also</u> <u>Jordan v. Comedy Central</u>, 3:05cv0370-N, 2005 WL 525194 (N.D. Tex., Dallas Div. March 4, 2005) (findings, conclusions and recommendation under § 1915(g) pending before District Court).[1]

---

[1] The three-strike findings in each of the above cases were based on the dismissal of the following four actions with prejudice as frivolous under 28 U.S.C. § 1915(e): <u>Jordan v. Hudson</u>, No. 5-99-CV-0281 (N.D.Tex. Oct. 25, 1999); <u>Jordan v. Cornyn, et al.</u>, No. 5-99-CV-0284 (N.D.Tex. Oct. 25, 1999); <u>Jordan v. Bush</u>, No. 5-99-CV-0285 (N.D. Tex. Oct. 21, 1999); <u>Jordan v. Pataki</u>, No. 5-99-CV-0288 (N.D.Tex. Oct. 21, 1999).

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). The complaint presents no claim that Plaintiff is in danger of any physical injury. See Carson v. Johnson, 112 F.3d 818, 822-823 (5th Cir. 1997); Adepegba, 103 F.3d at 388. See also Banos v. O'Guin, 144 F.3d 883 (5th Cir. 1998).

Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss this action as barred by three strikes unless he pays the full filing fee of $250.00 within the next ten days. See Adepegba, 103 F.3d at 388.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny Plaintiff's motion for leave to proceed *in forma pauperis*.

It is further recommended that the District Court dismiss this action as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $250.00 filing fee to the District Clerk within ten (10) days of the filing of this recommendation.

It is also recommended that Plaintiff's motion for appointment of counsel be denied as moot.

---

In addition to dismissing the actions as barred by three strikes, the District Court imposed monetary sanctions of $150.00 for each of the Lubbock cases to be paid in monthly installments pursuant to 28 U.S.C. § 1915(b), see Nos. 5:05cv012-C and 5:05cv014-C, and $100 for the Dallas case, see No. 3:05cv371-K. In the Dallas case, the District Court further sanctioned Plaintiff by barring him from filing any future civil actions without first obtaining permission from a United States circuit, district, or magistrate judge.

A copy of this recommendation will be mailed to Plaintiff Eddie Ray Jordan, #1251118, TDCJ, Lindsey State Jail, 1620 Old Post Oak Road, Jacksboro, Texas 76458.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.